UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 08-cv-1071-REB-KMT

BELLCO CREDIT UNION

     Plaintiff,

               v.

UNITED STATES OF AMERICA

     Defendant.

---

UNITED STATES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION, OR, IN THE ALTERNATIVE, TO ENTER A STAY

---

Defendant the United States of America ("United States"), by and through its undersigned attorneys, hereby moves the Court, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss this action for lack of subject matter jurisdiction, or, in the alternative, to stay this action, because the dispute between the parties is not ripe for adjudication, and states as follows in support:

**BACKGROUND**

On or about October 25, 2007, Plaintiff Bellco Credit Union ("Bellco") filed amended tax returns with the Internal Revenue Service ("IRS") seeking the refund of taxes paid for years 2000, 2001 and 2003. The IRS subsequently initiated an examination, or audit, of Bellco's amended tax returns in order to determine whether the requested refund was justified. The IRS examination of Bellco's amended tax

returns is still ongoing, and the IRS has not conclusively determined whether or not the requested refund should be allowed. Nevertheless, following the expiration of the six-month statutory period, Bellco commenced this suit seeking a judgment requiring that the requested refund be paid. But the very core of Bellco's claim in this suit – the allegation that it is entitled to a refund of taxes paid for tax years 2000, 2001 and 2003 – has not yet ripened into a dispute because the IRS has yet to officially determine that Bellco's claim is unjustified in any way. Accordingly, the Court should dismiss the Complaint, without prejudice, for lack of subject matter jurisdiction because this dispute is not ripe for the Court's review, or, in the alternative, stay the proceedings for four months to allow the IRS to complete its examination in the interests of economy.

## ARGUMENT

The Court lacks subject matter jurisdiction because the issue of whether Bellco is entitled to the requested refund is not ripe for adjudication. Ripeness is a jurisdictional prerequisite, and may be examined by the Court at any time. *See Friends of Marolt Park v. U.S. Dept. of Transp.*, 382 F.3d 1088, 1093 (10th Cir. 2004). The basic rational of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967), overruled on other grounds, *Califano v. Sanders*, 430 U.S. 99, 105 (1977). Determining whether a

dispute is ripe for judicial review involves an examination of: "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat' Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (citing *Abbott*, 387 U.S. at 149). In cases such as this, involving administrative processes, courts also consider: "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998). If the dispute is unripe, dismissal for want of subject matter jurisdiction is appropriate. *See, e.g., id.* at 739. Here, all the applicable considerations weigh in favor of dismissal.

At first blush, it may appear that the Complaint raises the fairly discrete issue of whether certain income earned by Bellco in 2000, 2001 and 2003 constitutes unrelated business income tax ("UBIT") or royalties. And if the Complaint were actually limited to this issue it would arguably be ripe for adjudication. But the Complaint actually raises much broader issues. This is a refund suit, and, as such, Bellco bears the burden of proving, not only that it is entitled to a refund, but also the exact amount of that refund. *See United States v. Janis*, 428 U.S. 433, 440 (1976); *Lockheed Martin Corp. v. United States*, 39 Fed. Cl. 197, 204 (1997); *Sara Lee Corp. v. United States*, 29 Fed. Cl. 330, 337 (1993); *Ahmanson Found. v. United States*, 674 F.2d 761, 776-77 (9th Cir. 1981). And the requested refund is based, not only on Bellco's claims with respect to UBIT and

royalties, but also, *inter alia*, on numerous deductions. *See* Complaint at ¶¶ 11, 17 & 35. Accordingly, if this suit is allowed to continue as it is currently framed, the parties must engage in litigation addressing – not only Bellco's position with respect to UBIT and royalties – but also every single other item on each of the amended tax returns, including, for example, minutiae such as whether Bellco was entitled to every penny of every deduction it claimed during each of the tax years at issue. Even if Bellco failed to raise these collateral issues in its affirmative case, the United States would be obligated to raise them in defense or risk issue preclusion. *See, e.g., Sara Lee Corp.*, 29 Fed. Cl. at 337 (government may inquire into all issues relevant to defending against a refund claim).

  Needless to say, this breadth of issues will require the parties to engage in wider-ranging litigation than if the only issue were Bellco's claim with respect to UBIT and royalties. And this expansive litigation may be entirely unnecessary. The IRS is currently conducting a comprehensive examination of Bellco's amended tax returns which should be completed within four months. This examination involves an evaluation of all aspects of the amended tax returns, including Bellco's claim regarding UBIT and royalties, as well as, *inter alia*, all deductions claimed. It is possible that, upon completing its examination, the IRS will conclude that Bellco is in fact entitled to the requested refund, in whole or in part, or even that Bellco has understated the appropriate refund. Of course, it is also possible that the IRS may conclude that Bellco owes additional tax. But, whatever the ultimate outcome of the IRS's examination,

4

there can be no doubt that the IRS's conclusions will necessarily clarify the contours of the parties' positions:  A completed IRS examination will make clear exactly which, if any, material issues are genuinely in dispute, and will allow the parties to focus discovery precisely on those issues and avoid expending resources on issues which, ultimately, are not disputed.  In any event, until the IRS actually concludes that Bellco is not entitled to the requested refund, it cannot accurately be said that there is any dispute between the parties, whatsoever.

All the applicable considerations weigh in favor of dismissal, or, alternatively, a stay:  The issues are not fit for judicial decision since many, if not all, of them may be resolved without litigation as a result of the IRS's examination; Bellco will not suffer any prejudice should the Court allow the IRS to conclude its examination since such a delay will likely result in a reduction in the scope of the issues to be litigated; judicial intervention would inappropriately interfere with the IRS's procedures since allowing the case to go forward would force the parties to litigate this matter without the benefits of the IRS's conclusions; and, finally, there is no doubt that the Court would benefit from further factual development since the contours of the parties' dispute, if there is in fact any dispute, will not be defined until the IRS's examination is complete.  Courts regularly dismiss or delay proceedings contingent on incomplete administrative actions.  *See, e.g., City of Fall River, Mass. v. F.E.R.C*, 507 F.3d 1, 6-8 (1st Cir. 2007); *Friends Of Marolt Park*, 382 F.3d at 1093-94 ("Ordinarily, whether the issues are fit for review depends on whether the plaintiffs challenge a final agency action."); *Ass'n of Am. Med.*

*Colleges v. United States*, 217 F.3d 770, 780-82 (9th Cir. 2000). Moreover, as a general rule, Courts should not intervene in cases involving uncertain or contingent future agency actions. *See Texas v. United States*, 523 U.S. 296, 300 (1998); *CTIA-The Wireless Ass'n v. F.C.C.*, 530 F.3d 984, 987-88 (D.C. Cir. 2008) ("This case exemplifies 'the usually unspoken element of the rationale underlying the ripeness doctrine: If we do not decide it now, we may never need to.'") (quoting *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1431 (D.C. Cir. 1996)); *Friends Of Marolt Park*, 382 F.3d at 1094. In this case, the very core of Bellco's claim – the allegation that it is entitled to a refund of taxes paid for tax years 2000, 2001 and 2003 – is not yet in dispute since the IRS has yet to determine that Bellco's claim is unjustified in any way.

## CONCLUSION

The Court should dismiss the Complaint, without prejudice, for lack of subject matter jurisdiction because this dispute is not ripe for the Court's review, or, in the alternative, stay the proceedings for four months to allow the IRS examination to run its course. Such action will allow the IRS to complete its examination, at which point some, or even all, of Bellco's claims could be resolved without the Court's intervention.

Counsel for the United States has made a good faith effort through written communications with Counsel for Bellco to resolve the dispute at hand, to no avail.

6

Respectfully submitted this 20th day of October, 2008.

    TROY A. EID
    United States Attorney
    District of Colorado
    1225 Seventeenth Street
    Denver, CO 80202

    <u>s/ Michael G. Pitman</u>
    MICHAEL G. PITMAN
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 683
    Ben Franklin Station
    Washington, D.C. 20044-0683
    (202) 305-7938
    Fax: (202) 307-0054
    Michael.G.Pitman@usdoj.gov

    Attorneys for the
    United States of America