UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.  08-cv-1071-CMA-KMT

BELLCO CREDIT UNION

     Plaintiff,

               v.

UNITED STATES OF AMERICA

     Defendant.

---

UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO THE
UNITED STATES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION, OR, IN THE ALTERNATIVE, TO ENTER A STAY

---

Defendant the United States of America ("United States"), by and through its undersigned attorneys, hereby responds to Plaintiff Bellco Credit Union's ("Bellco's") Memorandum in Opposition to the United States' Motion to Dismiss, filed on November 7, 2008 (Doc. # 17) (the "Opposition"), as follows:

The balance of considerations weighs in favor of dismissing, or, alternatively, staying this action until the Internal Revenue Service ("IRS") completes its examination of the amended tax returns at issue.  Bellco argues that – because it has satisfied the prerequisites for a refund suit found in 28 U.S.C. § 1346(a)(1) – the Court necessarily has subject matter jurisdiction over its claims.  *See* Opposition at 3 – 6.  Even if it is assumed that Bellco has satisfied the requirements of Section 1346, and that having done so it has

satisfied the minimal jurisdictional[1] prerequisites, it does not necessarily follow that the Court must exercise jurisdiction. In fact, the ripeness doctrine reflects both Constitutional, and prudential concerns. *Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004). Consequently, the Court may temporarily withhold consideration for prudential reasons, even if it could technically exercise jurisdiction. *See id*. ("[S]hould this court find this case to meet the constitutional standard for ripeness, prudential considerations may require us to stay our hand until the issues in this case have become more fully developed."). And, even if this case could go forward, it should not.

As discussed more thoroughly in the Motion, a dismissal or stay will allow the IRS to complete its examination, at which point some matters which are currently at issue could be resolved without the Court's involvement. Bellco has made no meaningful effort to rebut these points. Instead, Bellco asserts that it is a foregone conclusion that the IRS will reject its argument with respect to unrelated business income tax ("UBIT"). *See* Opposition at 9. Assuming Bellco's prescience is reliable (and, given the enormous quantity of authority contrary to Bellco's position with respect to UBIT (*see, e.g.*, the Appendix and Exhibit attached to the Opposition) there is no reason to think it is not) a dismissal or stay is still justified to allow the IRS to complete its analysis of Bellco's claimed deductions. The Opposition offers nothing to

---

[1] Technically, doctrines such as ripeness, mootness, and standing are probably best referred to as issues of justiciability. *See Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1161 (10th Cir. 2007) (quoting *Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004)). However, since issues of justiciablity implicate jurisdiction, *see Morgan*, 365 F.3d at 887, the two terms are often conflated. *See, e.g., Coalition For Sustainable Res., Inc. v. U.S. Forest Serv.*, 259 F.3d 1244, 1249 (10th Cir. 2001) ("To fall within our subject-matter jurisdiction, a case must raise issues that are ripe for review.").

the contrary other than the circular argument that the value of its deductions will be irrelevant if Bellco prevails on the merits.  *See* Opposition at 10.  But this argument also proves its corollary – in the absence of a judgment in favor of Bellco, the value of Bellco's deductions will be at issue (unless the IRS is permitted to complete its examination and concludes the deductions were proper).  Thus, Bellco has not identified any compelling reason for denying the requested relief, much less identified any hardship it would endure if the Court were to grant the United States' Motion.

Bellco makes much of the fact that the United States did not raise the issue of ripeness earlier.  *See* Opposition at 11.  This argument is largely specious since ripeness can be raised at any time.  *See Friends of Marolt Park v. U.S. Dept. of Transp.*, 382 F.3d 1088, 1093 (10th Cir. 2004).  Nevertheless, some explanation for the context of the Motion may be helpful.  The Motion was precipitated by Bellco's threatened refusal to cooperate with the IRS's ongoing examination.  On September 25th, and again on September 30th, counsel for Bellco informed counsel for the United States that Bellco had received an Information Document Request from the IRS Revenue Agent conducting the examination, and that Bellco would be directed not to respond to the Information Document Request because, in the opinion of counsel for Bellco, it was an improper effort by the United States to circumvent the Federal Rules of Civil Procedure by conducting discovery by proxy.  In response, counsel for the United States assured counsel for Bellco that it is not the United States' intent or practice to use the IRS to circumvent the Federal Rules of Civil Procedure, and explained that Bellco's stated

position, that the IRS must cease its examination once litigation commences, was unsupported by law.  However, in an effort to address Bellco's opposition to the IRS examination, and to prevent the issue from either erupting into a discovery dispute in this suit, or devolving into an entirely new lawsuit, pursuant to 26 U.S.C. §§ 7602, *et seq.*, regarding the IRS's authority to administratively summons information during the pendancy of a refund action, counsel for the United States proposed that the parties agree to stay this case for four months to allow the IRS to complete its examination.  It was only when Bellco refused the proffered compromise, and reiterated its argument that the Information Document Request was improper, that the United States filed the Motion.  Under the circumstances, it is not surprising that the United States did not raise its concerns in August, *see* Opposition at 11, since the dispute the precipitated the Motion did not arise until September.

In conclusion, there is ample reason for the Court to briefly stay its hand until the issues in this case are more fully developed, and Bellco has not even attempted to demonstrate that it will suffer any undue hardship if the Court were to temporarily withhold consideration.  "At best, further developments would undoubtedly sharpen the factual issues in this case; at worst, the failure of certain contingent events may render a decision completely advisory."  *Morgan*, 365 F.3d at 891.  Accordingly, the United States respectfully requests that the Court dismiss the Complaint, without prejudice, because this dispute is not ripe for the Court's review, or, in the alternative, stay the proceedings for four months to allow the IRS examination to run its course.

4

Respectfully submitted this 21st day of November, 2008.

        TROY A. EID
        United States Attorney
        District of Colorado
        1225 Seventeenth Street
        Denver, CO 80202

        <u>s/ Michael G. Pitman</u>
        MICHAEL G. PITMAN
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Ben Franklin Station
        Washington, D.C. 20044-0683
        (202) 305-7938
        Fax: (202) 307-0054
        Michael.G.Pitman@usdoj.gov

        Attorneys for the
        United States of America