**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-01071-CMA-KMT

BELLCO CREDIT UNION,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

**ORDER AND MEMORANDUM OF DECISION**

    This is a tax refund case. Plaintiff Bellco Credit Union alleges that, as a tax exempt organization, it is not required to pay unrelated business income tax ("UBIT"), and is consequently entitled to a refund of overpaid taxes, and related interest and penalties, assessed by the Internal Revenue Service ("IRS"). This matter comes before the Court on United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, In the Alternative, to Enter a Stay, filed October 20, 2008 (Doc. # 15.) Jurisdiction is proper pursuant to U.S.C. § 1331.

**FACTUAL AND PROCEDURAL BACKGROUND**

    In a series of private letter rulings issued in 2006 and 2007, the IRS determined that state-chartered credit unions like Plaintiff are subject to UBIT on income derived from various insurance sales and other member services.

In August 2007, Plaintiff responded to these rulings by filing its UBIT returns for the tax years 2000, 2001, and 2003. Plaintiff paid a total of $199,293.00 in overdue taxes, including $18,946.00 for the 2000 tax year; $56,317.00 for the 2001 tax year; and $124,030.00 for the 2003 tax year. In addition, Plaintiff paid interest and penalties related to its late UBIT payments.

On October 24, 2007, Plaintiff filed an administrative claim with the IRS seeking a refund of these UBIT payments. As of December 16, 2008, the IRS had apparently not decided upon this claim. (*See* Doc. # 22.)

On May 21, 2008, Plaintiff filed a complaint in this Court asserting that it is exempt from UBIT, and requesting a refund of its UBIT payments and related interest and penalties. (Doc. # 1.) This complaint is timely filed pursuant to I.R.C. § 6532(a)(1), which permits a taxpayer to bring a federal action for a tax refund if the IRS has not decided upon its administrative claim within six months of its filing.

On October 20, 2008, nearly one year after Plaintiff filed its administrative claim, the Government moved to dismiss this case for lack of subject matter jurisdiction. (Doc. # 15.) Specifically, the Government argued that, because Plaintiff's administrative claim had not yet been decided, its instant claims for a tax refund were not yet ripe for adjudication. Alternatively, the Government requested a four-month stay to allow it time to complete its examination of Plaintiff's amended tax returns. On November 7, 2008, Plaintiff responded to this motion. (Doc. # 17.) On November 21, 2008, the Government replied. (Doc. # 21.) This matter is fully briefed and ripe for review.

**ANALYSIS**

*1.  Standard of Review*

Whether a claim is ripe "bears on the court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir.1995). Consequently, a ripeness challenge, "like other challenges to a court's subject matter jurisdiction, is treated as a motion under Rule 12(b)(1)." *Id.* at 1499.

Under Tenth Circuit jurisprudence, the standard of review for a motion to dismiss under Rule 12(b)(1) is as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms.  First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).  In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Holt v. United States*, 46 F.3d 1000, 1002-1003 (10th Cir.1995) (citations omitted).

*2. Evaluation*

The Government moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, or, in the alternative, to stay this case pending the IRS's decision on Plaintiff's administrative claim. (Doc. # 15.) The Court will address each alternative motion in turn.

*a. Motion to Dismiss for Lack of Subject Matter Jurisdiction*

The Government first moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction on the grounds that Plaintiff's claims are not ripe. (Doc. #15.) Plaintiff counters that its claims are ripe because it has satisfied the statutory requisites for jurisdiction under 28 U.S.C. § 1346 (a)(1) and I.R.C. § 6532(a)(1). (*See* Doc. # 17.) For the following reasons, the Court finds that Plaintiff's claims are ripe and, thus, that the Court has subject matter jurisdiction over these claims.

Article III, Section 1, of the United States Constitution, empowers the Congress to confer by statute subject jurisdiction upon the federal courts. *See* U.S. CONST. art. III, § 1. Nonetheless, Article III, Section 2, restricts the judicial power of federal courts to actual "cases" and "controversies." *See* U.S. CONST. art. III, § 2. This "case" or "controversy" requirement "delineates the absolute limits on the federal courts' jurisdiction." *See Ankenbrandt v. Richards*, 504 U.S. 689, 695 (1992).

For this Court to exercise subject matter jurisdiction over Plaintiff's claims, these claims must be timely filed under 28 U.S.C. § 1346(a)(1) and I.R.C. § 6532(a)(1), and they must satisfy the "case" or "controversy" requirement of Article III. *See Mayor of*

*Nashville v. Cooper*, 73 U.S. 247, 252 (1867); *see also, e.g.*, *Finley v. United States*, 490 U.S. 545, 548 (1989) (finding federal courts had no jurisdiction over pendant parties absent Congressional grant of such jurisdiction).  Neither party disputes that Plaintiff's claims are timely filed under 28 U.S.C. § 1346(a)(1) and I.R.C. § 6532(a)(1).  Accordingly, the Court considers whether they satisfy the "case" or "controversy" requirement of Article III.

Under both Supreme Court and Tenth Circuit jurisprudence, the "ripeness" requirement is a constitutional requirement derived, at least in part, from Article III's "case" or "controversy" requirement.  *See, e.g.*, *National Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 805 (2003) (stating that the ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction" [further citation omitted]); *see also Sierra Club v. Yeutter*, 911 F.2d 1405, 1410 (10th Cir. 1990) (stating that the application of the ripeness doctrine "remains a confused mix of principle and pragmatic judgment reflecting its mixture of article III case and controversy requirements with prudential restraints on the exercise of jurisdiction").  Accordingly, Plaintiff's claims must be ripe in order for this Court to exercise subject matter jurisdiction.

In determining whether a claim relating to agency action is ripe, Courts must consider: (1) "the fitness of the issue for judicial decision;" and (2) "the hardship caused to the parties if review is withheld."  *Park Lake Res. Ltd. Liab. Co. v. United States Dep't of Agric.*, 197 F.3d 448, 450 (10th Cir. 1999).  Under the "fitness" prong of this

5

examination, courts must evaluate whether the case involves uncertain or contingent future events that may not occur as anticipated.  *Morgan*, 365 F.3d at 890.  Under the "hardship" prong, courts must determine whether the challenged administrative action creates a direct and immediate dilemma for the parties.  *Id.* at 891.

In consideration of these factors, the Court finds for the following reasons that this action has matured sufficiently to warrant judicial review.

First, with respect to the "fitness" inquiry, the Court rejects the Government's argument that this action should be dismissed to provide IRS more to time to resolve computational issues relating to potential damages.  The IRS has had more than a year to resolve such issues through determination of Plaintiff's outstanding administrative claim, and these issues may ultimately prove irrelevant to Plaintiff's claims if the Court finds that the income in dispute is not taxable.

Second, with respect to the "hardship" inquiry, the Court finds that the IRS would not suffer undue hardship if this action were not dismissed.  Put simply, the IRS has not convinced this Court that prosecution of Plaintiff's lawsuit would interfere with the IRS's ability to decide Plaintiff's administrative claim.  The Government has likewise not proven any other hardship would result from continued adjudication of this case.

Based on the foregoing, the Court finds that this action is ripe for adjudication, and therefore denies the Government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

### b.     Motion to Stay

In the alternative, the Government requests the Court to stay this action to allow the IRS to complete its examination of Plaintiff's amended returns.

This Court has discretionary authority to stay Plaintiff's action because "the power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Franklin v. Merck & Co.*, No. 06-cv-02164, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 [1936]).

In considering whether a stay is appropriate, courts generally consider: "(1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." *Id.* (citation omitted).

In consideration of these factors, the Court finds that a stay is unwarranted.

First, the Court finds that any delay in adjudicating Plaintiff's claims would be prejudicial to Plaintiff. Despite the six-month statutory window provided for decision on Plaintiff's administrative claim under 26 U.S.C. § 6532, the IRS has failed to decide this claim for more than a year. The Court finds that any additional delay resulting from a stay would be prejudicial to Plaintiff in light of the delay it has already suffered.

Second, the Court finds that any hardship or inequity to the Government resulting from denial of a stay would be minimal. As indicated above, the Government has failed to convince this Court that prosecution of Plaintiff's lawsuit would interfere with the IRS's

ability to decide Plaintiff's administrative claim.  Moreover, even assuming such hardship or inequity would result, the Court finds that it would be outweighed by the prejudice to Plaintiff described above.

Third, the Court remains unconvinced that judicial economy would be served by granting a stay.  While further factual development might allow the parties to determine potential damages with greater accuracy, the Court does not find this mere possibility sufficient to impose a stay.  Damages calculations will only become relevant, if at all, once the merits of Plaintiff's claims are adjudicated, and any uncertainty regarding such calculations might be resolved by the time of trial or other adjudication.  In light of the delay Plaintiff has already suffered in determination of its right to a refund, the Court declines to grant a stay based upon mere possibility that such a stay could facilitate more accurate damage calculations at an indeterminate future date.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that Defendant's Motion to Dismiss or, in the Alternative, to Stay (Doc. # 15) is DENIED.

DATED:  January   27  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge