**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-01071-CMA-KMT

BELLCO CREDIT UNION,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER BIFURCATING LIABILITY AND COMPUTATION ISSUES**

---

This matter is before the Court on Plaintiff Bellco Credit Union's Motion to Bifurcate Issues of Liability from Computation Issues and Limit December 7 Trial to Issues of Liability (Doc. # 119) and the United States' Statement Regarding Bifurcation (Doc. # 118).  Plaintiff's motion is granted.

This is a tax case involving the principal question of whether Plaintiff is liable for taxes on various income streams.  If the Court finds that Plaintiff is not liable for taxes on these income streams, then a subsidiary issue arises, i.e., what is the amount of any refund due to Bellco.   At the final trial preparation conference, the Court asked the parties for their position on bifurcating these two issues and adjudicating only the tax liability issue at the bench trial scheduled to begin December 7, 2009.  Bellco advocates bifurcation, arguing that it would promote efficiency and is consistent with the Tax Court's procedures in similar cases.  The United States, by contrast, opposes

bifurcation, contending that it may be difficult to distinguish substantive issues from computational issues. The United States also argues, as it claimed in its previously filed motion *in limine* (Doc. # 116), that Bellco has not disclosed information necessary to support certain refund computations.

Separate trials for separate issues may be ordered "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The decision on bifurcation is left to the discretion of this Court. *See Palace Exploration Co. v. Petroleum Development Co.*, 316 F.3d 1110, 1118-19 (10th Cir. 2003). The Court finds that bifurcation is appropriate in this case. A trial focused on the broad, substantive issues of liability avoids complications of detailed evidence addressed to specific calculations, and the Court's decision on liability may abate the need for much, if any, additional evidence on the specific refund amount. The Court finds that the interests of judicial economy and efficiency dictate that the substantive issue of liability be bifurcated from the computational issue of the amount of taxes/refund due.

The Court understands that it is Bellco's burden to prove that it is entitled to a refund and the Court is sensitive to the United States' concern that there may be instances where it will be difficult to separate liability from computation, or where one piece of evidence or testimony bears on both questions. Therefore, the Court makes clear that nothing in this order shall shift the burden of proof or limit the parties' ability to put on all relevant and necessary evidence in support of their liability claims or defenses. Further, nothing in this order shall be interpreted as passing any judgment on the merits of the United States' outstanding motion *in limine* regarding the adequacy of Bellco's discovery disclosures (Doc. # 116).

Accordingly, it is

ORDERED that Plaintiff Bellco Credit Union's Motion to Bifurcate Issues of Liability from Computation Issues and Limit December 7 Trial to Issues of Liability (Doc. # 119) is GRANTED.  The trial in this matter shall be limited to issues of liability. Subsequent to the Court's decision on the issue of liability, the Court will consult with the parties regarding the most efficient and expedient manner of resolving any outstanding computational issues.

DATED:  December   1   , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge